# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. WILMSHURST | CASE NO. 1:08-cv-00858-WBS-SMS |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S APPEARANCE AT DEPOSITION IN AID OF EXECUTION OF JUDGMENT |
| v. | |
| THE CITY OF ANGELS CAMP, et al., | |
| Defendants. | (Doc. 68) |

Defendants City of Angels Camp, Chris Comfort, and Tony Tacheira moved this Court for an order compelling Plaintiff Richard Wilmshurst, the judgment debtor to appear at a deposition in aid of execution of judgment. Plaintiff contends that he need not appear since he is entitled to set off the judgment against the value of certain automobiles owned by Plaintiff and allegedly removed from a vehicle storage lot at Forty-Niner Subaru by the City of Angels Camp.[1]

**I.   Plaintiff's Claim for Set Off**

**Statutory provision.** California Code of Civil Procedure § 431.70 provides, in pertinent part:

> Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would be at the time of filing of the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of

---

[1] Plaintiff alleges that the automobiles, one 1958 Edsel, two 1962 Corvair station wagons, and a 1962 Corvair sedan, had been kept on the vehicle storage lot since 1948.

1

limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party.  The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30.  Neither person can be deprived of the benefits of this section by the assignment or death of the other.

On its face, § 431.70, which creates a defense for a defendant with a cross-demand for money, does not apply to a plaintiff in a case raising an unrelated claim.  For example, where a tenant sued her former landlord for return of her security deposit, the California Supreme Court held that the landlord could raise as a defense the setoff of the amount claimed against unpaid rent, repairs, and cleaning.  *Granberry v. Islay Investments*, 9 Cal.4th 738, 749-50, *cert. denied*, 516 U.S. 866 (1995).  Similarly, when a discharged employee sued his employer for back wages, the employer was appropriately permitted to claim as a defense the offset of amounts due to the employee's retirement fund.  *McDaniel v. City and County of San Francisco*, 259 Cal.App.2d 356, 365 (1968).  In both *Granberry* and *McDaniel*, the defendant raised as a defense the offset of amounts that the plaintiff owed the defendant against the amounts that plaintiff sued to recover from the defendant.  Plaintiff is not raising the alleged value of the cars as a defense against a suit brought by defendant.

**Equitable set off.**  "A principle akin to that enunciated by section 440 [predecessor to § 431.70] has been applied where the claim against which a setoff is sought is a judgment."  *Erlich v. Superior Court of Los Angeles County*, 63 Cal.2d 551, 555 (1965).  In that circumstance, a court may exercise its discretion to grant a stay or to enjoin collection of the judgment until it has determined the validity of the debtors claim.  *Id.* at 555-56.  The debtor has no entitlement to a stay or injunction, however.  "If the rule were otherwise, the judgment debtor could delay and harass his creditor by the filing of merely frivolous claims."  *Id.* at 556.

In *Erlich*, the court directed a court determining whether to enjoin collection of a judgment pending decision of the validity of the disputed claim to consider "the likelihood that the judgment debtor will recover upon his claim, the probability and comparative amount of recovery, and the ability of the judgment creditor to respond should a judgment be rendered against him in the action of the disputed claim."  *Id.*

///

**No mutuality.**  This Court need not analyze the likelihood that Plaintiff will prevail in an action to establish his claim for removal of the autos.  The doctrine of set off, whether equitable or statutory, has no application to a plaintiff who, having incurred a judgment against him after failing to prevail on a prior claim, now seeks to prosecute an additional claim against one of the three defendants in the case that gave rise to the judgment.  "It is elementary that a set-off may not be invoked unless the parties and the debts are mutual and that the doctrine of mutuality requires that the debt be due to and from the same persons in the same capacity."  *Petersen v. Lyders*, 139 Cal. App. 303, 306 (1934), *cert. denied*, 294 U.S. 716 (1935).  *See also Carnation Company v. Olivet Egg Ranch*, 189 Cal.App.3d 809, 819-20 (1986) (holding that Plaintiff's claims against an individual defendant and the claims against Carnation of a limited partnership of which the individual defendant was a member were not mutual claims that could be offset against each other).  Plaintiff's claim against only the City of Angels has no mutuality with the judgment claim of City of Angels, Comfort, and Tacheira.  Accordingly, Plaintiff cannot avoid deposition of his assets in aid of the three Defendants' claim for payment of the outstanding judgment by asserting that one of the Defendants owes him money from a separate transaction.

That this Court will not stay the deposition in aid of execution of judgment does not, of itself, prejudice Plaintiff ability to bring an action in California state court for compensation for his cars.  Validation of Plaintiff's compensation claim from the City of Angels Camp will simply have to proceed separately from Defendants' collection of the judgment against Plaintiff in this case.

## II. Conclusion and Order

This Court hereby GRANTS Defendants' Motion to Compel Plaintiff's Appearance at Deposition in Aid of Execution of Judgment.  In addition to costs and fees already due under the judgment in this matter, Plaintiff shall pay Defendants the sum of $683.50 for fees and costs associated with this motion.

IT IS SO ORDERED.

**Dated:   November 19, 2010**          /s/ Sandra M. Snyder

UNITED STATES MAGISTRATE JUDGE

4