# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. WILMSHURST<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF ANGELS CAMP, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00858-WBS-SMS<br><br>ORDER FOR DEPOSITION AND<br>PRODUCTION OF DOCUMENTS<br>IN AID OF EXECUTION OF JUDGMENT<br><br>(Doc. 68) |

　　　　Plaintiff Richard Wilmshurst is hereby ORDERED to appear on July 8, 2011, at 9:30 a.m. in Courtroom 7 of the United States Court House for the Eastern District of California, 2500 Tulare Street, Fresno, California.  At this time, Defendants City of Angels Camp, Chris Comfort, and Tony Tacheira, by their attorney Bradley A. Post, shall take Plaintiff's deposition, pursuant to F.R.Civ.P. 69(a)(2) and 30, before an officer authorized by law to administer oaths.  This deposition is intended to aid in Defendants' collection of the judgment that Comfort obtained against Plaintiff on December 16, 2009, in the amount of costs billed after judgment taxed by the Court on April 23, 2010, and additional costs as set forth in the Order Granting Defendants' Motion to Compel Plaintiff's Appearance at Deposition in Aid of Execution of Judgment, entered by this Court on November 19, 2010.  Defendants are directed to arrange, at their own expense, for the presence of a court reporter or stenographer to memorialize the proceedings.

　　　　Plaintiff is directed to produce for inspection and copying the following documents requested by Defendant:

1. Any and all documents which identify the account number as well as the name and address of the institution in which the account is located for each and every business, personal, checking, savings, credit union, or stock account standing in Plaintiff's name individually or jointly with others.
2. Any and all documents which identify by name and address the institution in which Plaintiff or his spouse has access to a safe deposit box or other depository for securities, cash, or other valuables.
3. Any and all documents showing each and every asset owned by Plaintiff individually or jointly with others.
4. Any and all documents which identify the number, issuer, and location of each and every life insurance policy owned by Plaintiff.
5. Any and all documents which identify the number, issuer, and location of each and every life insurance policy owned by Plaintiff's wife.
6. All deeds to real property held in Plaintiff's name individually or jointly with others.
7. All deeds to real property in which Plaintiff or his wife has any interest.
8. All documents identifying the name and address of any and all persons or entities owing money to Plaintiff.
9. All documents identifying the amount of money owed to Plaintiff by any and all persons or entities identified in paragraph 8.
10. All documents which identify the name and address of each person or entity that rents real property from Plaintiff.
11. All documents setting forth the amount of money due to Plaintiff by any tenant listed in response to paragraph 10.
12. All documents relating to Plaintiff's current employment.
13. All document's relating to the current employment of Plaintiff's spouse.
14. A copy of the most recent paycheck, check stub, or memorandum of direct deposit received by Plaintiff and his spouse from their respective employers.

15. All documents relating to any stocks, bonds, or other securities owned by Plaintiff individually or jointly with others.

16. All promissory notes in which Plaintiff or his spouse is a payee.

17. Any and all documents which identify all assets inherited by Plaintiff and the location of such assets.

18. Any and all documents which relate to any income received by Plaintiff or his spouse from any business of which Plaintiff or his spouse is a proprietor or partner, or in which Plaintiff or his spouse claim any interest.

19. Any and all documents which identify any real or personal property owned by Plaintiff or his spouse, which is not fully encumbered by a deed of trust lien, chattel mortgage, security interest, pledge or any other type of lien.

20. Any and all documents which describe any trust to which Plaintiff or his spouse have made a contribution during the past five years including, but not limited to, the name of the trust and the name and address of the trustee.

21. Any and all documents which identify each and every pension in which Plaintiff or his spouse has an interest including, but not be limited to, the name of the pension and its administrator.

22. Any and all documents which identify each and every annuity in which Plaintiff or his spouse has an interest including, but not be limited to, the name of the annuity, its location, and its administrator.

23. Any documents which identify each and every retirement fund in which Plaintiff or his spouse has an interest including, but not be limited to, the name of the retirement fund, its location, and its administrator.

///

///

///

///

///

1  Pursuant to F.R.Civ.P. 34(b)(2), Plaintiff shall serve a written response to this order to
2  Defendants, indicating whether he will comply with each request listed below, no later than
3  fourteen days after the date of this order.

IT IS SO ORDERED.

Dated:  May 23, 2011                                /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE